IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HELEN SMITH, | : | |
| | : | Case No. 2:16-CV-360 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Jolson |
| HOUSEHOLD REALTY CORP., | : | |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the Court on the Motion to Dismiss of Defendant Household Realty Corporation ("Household"). (Doc. 6.) For the reasons that follow, the Court **GRANTS** the Motion to Dismiss.

**I.  BACKGROUND**

The facts set forth as background are taken from Plaintiff's complaint and the exhibits attached thereto. Plaintiff Helen Smith and her then-husband, Gary L. Smith, purchased property at 4841 Baldwin Road, Hilliard, Ohio (the "Property") in 1980. (Compl., Doc. 3 at ¶ 13.) On November 9, 2007, Mr. Smith refinanced the mortgage loan for the Property. (*Id.* at ¶ 16; Loan Agreement, Doc. 1-3, Ex. A at 1.) Both Mr. and Ms. Smith then executed a mortgage, which was properly recorded with the Franklin County Recorder. (Compl., Doc. 3 at ¶¶ 16-17.)

In August 2012, the Smiths divorced. (Compl., Doc. 3 at ¶ 19; Decree of Dissolution of Marriage, Doc. 1-3, Ex. C.) Pursuant to their Property Settlement and Separation Agreement, Mrs. Smith was granted exclusive use of the Property and agreed to "be responsible for all payments for the property, including mortgage, taxes and insurance." (Compl., Doc. 3 at ¶ 21; Doc. 1-3, Ex. D at 2.) Mr. Smith executed a quit-claim deed to Mrs. Smith on August 31, 2012.

(Compl. Doc. 3 at ¶ 22; Doc. 1-3, Ex. E.) She did not refinance the loan to put it in her name, however.

After the divorce, Plaintiff contacted Household to apply for a loan modification, and Household informed her that only her ex-husband could apply for such a modification. (*Id.* at ¶¶ 28-29.) After Plaintiff failed to make the required payments on the loan, she filed a complaint in the Franklin County Court of Common Pleas on April 29, 2013 seeking a declaration that the mortgage loan was unconscionable and, therefore, unenforceable. (*Id.* at ¶¶ 30-32.) Household moved for summary judgment in November 2013, arguing that Plaintiff lacked standing to bring her claim because she was not a party to the loan agreement, and the court denied the motion. (*Id.* at ¶¶ 36-37.) Household again moved for summary judgment in March 2015, stating that Plaintiff had been in default on the loan since at least 2013. (*Id.* at ¶¶ 38-39.) On December 14, 2015, the Court of Common Pleas found that the mortgage was not unconscionable, granted Household's summary-judgment motion, and dismissed the complaint with prejudice. (*Id.* at ¶ 40; Doc. 1-3, Ex. H.) Household never filed a counterclaim for foreclosure of the Property in the state-court suit.

On March 18, 2016, Plaintiff commenced the instant lawsuit in the Franklin County Court of Common Pleas. (*See* Doc. 3.) She brought claims for quiet title, declaratory judgment, and injunctive relief. (*Id.* at ¶¶ 44-71.) Defendant removed the case to this Court on April 22, 2016 and filed a motion to dismiss the complaint. (Docs. 1, 6.)

## II. STANDARD OF REVIEW

The Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual

allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Thus, the Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations need not be detailed but must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### III. ANALYSIS

Plaintiff's argument is premised on the notion that Household was required to file a counterclaim for foreclosure against Plaintiff in the state-court action and that its failure to do so now precludes it from foreclosing on the Property. In its motion to dismiss, Household argues that such a counterclaim was not compulsory in the prior state-court action and, accordingly, all three of Plaintiff's claims fail as a matter of law.

Federal Rule of Civil Procedure 13(a) provides that a pleading "must state as a counterclaim any claim that—at the time of service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." If a party fails to plead a compulsory counterclaim, the party is

barred from raising that claim in a future action. *Sanders v. First Nat'l Bank & Trust Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir. 1991). To determine whether a counterclaim is compulsory under Rule 13(a), the Court must decide "whether the issues of law and fact raised by the claims are *largely the same* and whether *substantially the same* evidence would support or refute both claims." *Bauman v. Bank of Am., N.A.*, 808 F.3d 1097, 1101 (6th Cir. 2015) (emphasis original) (quoting *Sanders*, 936 F.2d at 277). This inquiry is known as the "logical relationship" test. *Id.*

To prevail in a foreclosure action, a party must prove the following elements: (1) the movant is the holder of the note and validly recorded mortgage and is entitled to enforce the instrument; (2) the mortgagor is in default; and (3) the amount of principal and interest owed. *Countrywide Home Loans, Inc. v. Baker*, No. 09AP-968, 2010 WL 1229180, at *2 (Ohio Ct. App. Mar. 30, 2010).

To prove a defense of unconscionability, on the other hand, a party must show: (1) substantive unconscionability, or unfair contract terms; and (2) procedural unconscionability, or "individualized circumstances surrounding the parties to a contract such that no voluntary meeting of the minds was possible." *Corl v. Thomas & King*, No. 05AP-1128, 2006 WL 1629740, at *7 (Ohio Ct. App. June 13, 2006) (citing *Cronin v. California Fitness*, 04AP-1121, 2005 WL 1515369, at *3 (Ohio Ct. App. June 28, 2005)). To determine substantive unconscionability, courts look to" whether the actual terms of the contract are unfair and commercially unreasonable." *Id.* An analysis of procedural unconscionability, which concerns the formation of the agreement, focuses on the parties' relative bargaining positions, "whether the terms of the provision at issue were explained to the weaker party, whether alterations in the

printed terms were possible, and whether the party challenging the provision was represented by counsel." *Id.*

Plaintiff contends that "substantially the same evidence" would support both an unconscionability defense and a foreclosure claim. *Sanders*, 936 F.2d at 277. Specifically, she points to the fact that an element of a foreclosure action includes the amount of principal and interest due, and she asserted in the prior action that the mortgage interest rate was unconscionable. She also asserts that a showing of default is central to both actions. But although she *pleaded* in her state-court action that the mortgage was in default, *evidence* of default was not relevant to the unconscionability of the mortgage. Similarly, she alleged in her pleadings in the state-court action that the mortgage interest rate was commercially unreasonable, but this is a different factual inquiry than merely asserting the amount of principal and interest due. As Defendant points out, the key inquiry for Rule 13(a) is whether "substantially the same *evidence* would support or refute both claims." *Id.* (emphasis added). In fact, the evidence at issue for a foreclosure claim and an unconscionability defense are quite different. The unconscionability inquiry focuses on the reasonableness of the contract terms and the circumstances of the contract formation, including the parties' bargaining power. *Corl*, 2006 WL 1629740, at *7. In contrast, a foreclosure claim concerns evidence of default and the amount of principal and interest due. *See Baker*, 2010 WL 1229180, at *2. The state court did not even discuss default in its decision granting Household's motion for summary judgment. (*See* Doc. 1-3, Ex. H.) Moreover, Plaintiff cannot point to any issue she raised in the prior action regarding the amount of principal and interest due. (*Id.*) Therefore, the evidence that would support or refute the unconscionability defense and foreclosure claim is not substantially the same.

5

The Court's conclusion that a foreclosure claim is not compulsory here is consistent with other relevant case law.  In *Kralovic v. JPMorgan Chase Bank, N.A.*, a district court considered a borrower's claim for quiet title and declaratory relief and found that a foreclosure action was not a compulsory counterclaim to the borrower's claim under the Truth in Lending Act ("TILA") in a prior action.  Case No. 1:15-cv-1468, 2016 WL 554838, at *3 (N.D. Ohio Feb. 10, 2016), *appeal docketed*, No. 16-3234 (6th Cir. Mar. 15, 2016).  The court explained:

> The prior action had nothing to do with the validity of the loan or mortgage, nor did it address whether the loan was actually current or in default. All of Plaintiff's prior claims were based on an alleged failure by the loan servicer to provide correct information relating to the loan upon request. The transaction or occurrence that was the subject of these claims was [Plaintiff's] request for information and/or the servicer[']s failure to provide adequate or accurate information. Any future claim to foreclose upon the property or otherwise enforce the note that financed the property would not arise from [Plaintiff's] prior request for information or from the servicer's failure to provide adequate or accurate information. Therefore, any available foreclosure action was not a compulsory counterclaim in the prior action.

*Id.*  Plaintiff attempts to distinguish *Kralovic* because the prior action concerned a TILA claim, not an unconscionability defense.  (Doc. 12 at 8-9.)  The TILA claim at issue in the prior action in *Kralovic* concerned the bank's failure to provide direct contact information for the bank.  Similar to the instant case, such a claim lacks a "logical relationship" to a foreclosure counterclaim because the transaction or occurrence that was the subject of the prior action—the borrower's request for information and the lender's failure to provide it—was not the same subject as a foreclosure claim.  Ohio courts have also recognized in other contexts that a foreclosure claim is not compulsory in an action to determine "whether the [borrowers] had a valid defense to the enforcement of the note and mortgage."  *Wells Fargo Bank, N.A. v. Lee*, 20 N.E.3d 1236, 1247 (Ohio Ct. App. 2014) ("[T]he mere fact that a debtor preemptively sought to assert certain claims that would affect later enforcement of a note does not require that the holder must assert a debt collection action at the same time.").

6

The Court's conclusion is also bolstered by the fact that both the note and mortgage at issue here contain express language that failure to enforce a provision of the agreement does not constitute a waiver of any such provisions.  The note includes the following provision:  "Our failure to enforce any provision(s) to this agreement shall not be deemed to constitute a waiver of such term(s)."  (Doc. 1-3, Ex. A at 6.)  The mortgage states:

> Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.  All remedies provided in this Mortgage are distinct and cumulative to any other right or remedy under this Mortgage, the Note, or afforded by law or equity, and may be exercised concurrently, independently, or successively.

(Doc. 1-3, Ex. B at ¶ 10.)

Because the Court finds as a matter of law that the foreclosure claim was not compulsory in the state-court action, Plaintiff has failed to state a quiet-title claim.  Ohio Revised Code § 5303.01, which governs quiet-title claims under Ohio law, provides that a such an action may be brought "by a person in possession of real property . . . against any person who claims an interest therein adverse to him, for the purpose of determine such adverse interest."  When a borrower voluntarily signs a mortgage, however, "that mortgage cannot be removed or extinguished through a quiet title action."  *Zordich v. Christiana Bank & Trust*, No. 4:15-cv-1134, 2015 WL 9583028, at *4 (N.D. Ohio Dec. 31, 2015); *see also Buckner v. Bank of New York*, No. CA2013-07-053, 2014 WL 645001, at *4-5 (Ohio Ct. App. Feb. 18, 2014). Because the state court found that the terms of the note and mortgage were not unconscionable, and because there is no other allegation that the mortgage is invalid, the mortgage cannot be extinguished through a quiet title action.

Plaintiff concedes that if her claims for declaratory judgment and injunctive relief rest on the same theory as her quiet-title claim: that foreclosure was a compulsory counterclaim in her

7

state-court action. Since this argument fails, her claims for declaratory judgment and injunctive relief also must be dismissed. In addition, her declaratory-judgment claim fails as a matter of law because a declaratory judgment requires a justiciable controversy. *City of Parma, Ohio v. Cingular Wireless, LLC*, 278 F. App'x 636, 641 (6th Cir. 2008); *see* Ohio Rev. Code § 2721.01 *et seq.*; 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."). Here, the only controversy Plaintiff puts forth is the question of whether foreclosure was a compulsory counterclaim in her state-court action. Because the Court has determined that it was not, the declaratory-judgment claim also fails to state a claim upon which relief can be granted.

## IV.    CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss for Failure to State a Claim is **GRANTED**. (Doc. 6.) Plaintiff's complaint is **DISMISSED**. The Clerk is directed to enter Judgment for Defendant.

**IT IS SO ORDERED.**

                                                     s/ Algenon L. Marbley
                                                 **ALGENON L. MARBLEY**
                                                 **UNITED STATES DISTRICT JUDGE**

**DATED:  September 28, 2016**